THE STATE v. JOHN KILCULLEN, Appellant.

Division Two, December 3, 1923.

**INDICTMENT: Robbery: Former Conviction.** An indictment for robbery in the first degree may contain an allegation that defendant had formerly been convicted. Such conviction is not an element of the robbery charged, but if pleaded in the manner authorized by the statute (Sec. 3702, R. S. 1919) it authorizes a more severe punishment than is otherwise provided.

Appeal from St. Louis City Circuit Court.—*Hon. Granville Hogan*, Judge.

AFFIRMED.

*Jesse W. Barrett*, Attorney-General, and *Robert W. Otto*, Assistant Attorney-General, for respondent.

(1) The indictment is sufficient. It contains all the necessary averments required to properly charge the crime of robbery in the first degree and fully informs the defendant as to the charge he must meet. Sec. 3307, R. S. 1919; State v. Lamb, 141 Mo. 301; State v. Calvert, 209 Mo. 286; State v. Flynn, 258 Mo. 211; State v. Williams, 183 S. W. 309; State v. Eddy, 199 S. W. 186; State v. Reich, 239 S. W. 836. (2) It is proper to plead a former conviction as a substantive fact constituting an aggravated offense. State v. Payne, 223 Mo. 116; State v. Collins, 266 Mo. 95; State v. Oertel, 217 S. W. 66.

WALKER, J.—The appellant and one James Reagan were jointly indicted by the grand jury of the city of St. Louis on the 8th day of November, 1921, charged with robbery in the first degree and upon their arraignment and entry of pleas of not guilty a severance was granted to James Reagan, and appellant was tried by a jury resulting in his conviction on the 15th day of March, 1922, and a sentence of imprisonment in the penitentiary for

a term of five years.  From this judgment he appeals to this court.  No brief has been filed for the appellant.

The indictment is drawn under Section 3307, Revised Statutes 1919.  It properly charges robbery in the first degree.  [State v. Reich, 239 S. W. (Mo.) l. c. 836.]

The allegation in the indictment as to the appellant's former conviction was not improper.  While that conviction was not an element of or included in the instant case, upon being pleaded in the manner set forth in the indictment and as authorized by the statute (Sec. 3702, R. S. 1919) it permitted the infliction of a more severe punishment than otherwise provided.  [State v. Oertel, 270 Mo. 129; State v. Collins, 266 Mo. l. c. 98.]

No errors were committed by the trial court in ruling upon the admission and exclusion of testimony.

The instructions properly declared the law under the evidence.  The verdict was responsive to the issues.  The judgment was in the usual form and is not subject to tenable objection.  No error having been committed by the trial court authorizing a reversal, the judgment is affirmed.  All concur.